**In re Marc John MIGIANO, d/b/a Designersmarx, Debtor.**

**Bankruptcy No. 98–34096–BKC–SHF.**

United States Bankruptcy Court,
S.D. Florida,
West Palm Beach Division.

Jan. 3, 2000.

Brad Culverhouse, Fort Pierce, FL, for the debtor.

Robin Weiner, Fort Lauderdale, Chapter 13 Trustee.

## ORDER ALLOWING COMPENSATION TO ATTORNEY FOR CHAPTER 13 DEBTOR

STEVEN H. FRIEDMAN, Bankruptcy Judge.

THIS CAUSE came on to be heard on May 18, 1999, upon the Application for Compensation of Debtor's Attorney, filed by Brad Culverhouse, Esquire. The hearing was conducted pursuant to Local Rule 2016–1(B)(2) and the "Chapter 13 Fee Guidelines" in effect for the United States Bankruptcy Court for the Southern District of Florida. In his Application, Mr. Culverhouse ("Applicant") seeks total compensation in the amount of $5,129.83, together with reimbursement of expenses in the amount of $75.00. Applicant received a pre-petition retainer from the debtor in the amount of $1,359.83 and seeks to have a balance of $3,780.00 paid to him under the debtor's Fifth Amended Plan, which was confirmed by this Court on April 28, 1999.[1] The Court, having carefully considered the pending fee application, and for the reasons set forth below, finds that reasonable aggregate compensation for Brad Culverhouse, Esquire is $3,125.00 plus aggregate reimbursement of expenses in the amount of $27.40. After deducting the pre-petition retainer paid by the debtor, the chapter 13 trustee is authorized and directed to pay the balance of the fee due to Applicant, in the amount of $1,765.17, together with the allowed reimbursement of expenses of $27.40, pursuant to the terms of the confirmed Fifth Amended Chapter 13 Plan.

The allowance of compensation represents a 39% reduction in the amount sought by Applicant. In general, the Court finds that the reduction in compensation is warranted due to the excessive amount of time unnecessarily expended resulting from counsel's inefficient representation. In addition, upon proper analysis by Applicant, it should have been evident that this case should have been administered as a chapter 7 liquidation proceeding, rather than as a chapter 13 proceeding.

## FACTORS GOVERNING ANALYSIS OF FEE REQUESTS

The various factors generally recognized as governing the analysis by a federal court of a fee request are set forth in *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 562–66, 106 S.Ct. 3088, 92 L.Ed.2d 439 (1986); *Blum v. Stenson*, 465 U.S. 886, 897–901, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984); *Hensley v. Eckerhart*, 461 U.S. 424, 429–40, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1298–1302 (11th Cir.1988); *American Benefit Life Ins. Co. v. Baddock*, 544 F.2d 1291, 1298–1301 (5th Cir.1977); and, *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir.1974). As noted in *American Benefit*, 544 F.2d at 1299, the twelve factors established in *Johnson* are applicable to bankruptcy cases:

(1) The time and labor required;

(2) The novelty and difficulty of the questions;

---

1. Based upon a computation error, it appears that the actual net amount of additional compensation sought by Applicant equals $3,845.00, rather than $3,780.00. In addition, while it is the **fifth** amended plan which ultimately was confirmed by this Court, no **third** amended plan was filed with the Court. Thus, in actually, it is the debtor's **fourth** amended chapter 13 plan that ultimately was confirmed on April 28, 1999.

(3) The skill requisite to perform the legal service properly;

(4) The preclusion of other employment due to acceptance of the case;

(5) The customary fee;

(6) Whether the fee is fixed or contingent;

(7) Time limitations imposed by the client or other circumstances;

(8) The amount involved and the result obtained;

(9) The experience, reputation, and ability of the attorneys;

(10) The "undesirability" of the case;

(11) The nature and length of the professional relationship with the client;

(12) Awards in similar cases.

*Johnson,* 488 F.2d at 717–19.

The Eleventh Circuit, in *Norman,* 836 F.2d at 1298–99, further delineated that the lodestar approach adopted by the United States Supreme Court was designed to produce an objective estimate of the value of a lawyer's services. Under this approach, the court establishes a lodestar by multiplying the hours reasonably expended by a reasonable hourly rate, which is the prevailing market rate for similar services by similarly-skilled lawyers in the same community. *See id.* at 1299. In computing the lodestar, the court may employ the twelve *Johnson* factors. *See id.* at 1299–1300. Once the lodestar is determined, the court should make adjustments for results obtained, if necessary. *See id.* at 1302.

### CONSIDERATION OF FACTORS

(1) *The Time and Labor Required:* Applicant's fee application (Court Paper No. 40) reflects that Applicant purportedly expended an aggregate of 37.05 hours in his representation of the Debtor.[2] The Court has carefully reviewed the time entries of

Applicant and determines that a reasonable amount of time expended would have been no more than 12.50 hours.

The Court, in analyzing the instant fee application, notes that among the services provided by Applicant are those falling within the general categories of Client Conferences, Preparation of Bankruptcy Schedules, and Preparation of Chapter 13 Plan. Applicant has charged a total of 17 hours for the referenced services. The foregoing include 4.6 hours for the client conferences. Considering the straightforward nature of this case and this Court's conclusion that the case should have been filed as a chapter 7 Liquidation rather than as a Chapter 13 Adjustment of Debts of an Individual with Regular Income, the Court finds that the 4.6 hours expended by Applicant in conferences with the debtor is excessive to the extent of 2.6 hours.

In addition, Applicant seeks compensation for 12.4 hours in preparing the chapter 13 plan. The only unusual aspect of this case is that the debtor operated a business, a sole proprietorship known as Designersmarx, manufacturing cabinets. The debtor listed an extensive inventory of tools and supplies, and the debtor listed 26 unsecured creditors, virtually all of which appear to have been incurred in the operation of the debtor's business. The debtor's schedules, statements, and chapter 13 plan are otherwise unremarkable, notwithstanding the fact that Applicant prepared and filed five chapter 13 plans, the last of which ultimately was confirmed. As support for the Court's conclusion that this case should have proceeded as a chapter 7 Liquidation and that the filing of the successive chapter 13 plans was thus unnecessary, the Court notes that the debtor proposed to sell, and did sell, his business tools and his 1992 GMC truck used in his business, during the administration of this estate and that the debtor moved to Connecticut. Since the debtor's chapter 13

---

**2.** In actuality, the aggregate amount of time purportedly expended by Applicant, based

upon his time itemization, equals 35.90 hours.

plan provides for the liquidation of virtually all of his assets (aside from his motorcycle, the value of which was established under 11 U.S.C. § 1322(b)(2) at $5,400, reducing the claim of secured creditor American Honda Finance Corp. from $8,004.88), only marginal benefit was obtained by the debtor in having his case administered under chapter 13 rather than under chapter 7. Had counsel for the debtor aggressively negotiated with American Honda concerning the value of the motorcycle, much of the effort expended by Applicant could have been avoided. The Court concludes that Applicant should have been required to expend no more than 4 hours in preparing the debtor's schedules and, further, that compensation for preparation of the various chapter 13 plans is totally unwarranted.

(2) *Novelty and Difficulty of Questions Presented:* There were no novel or difficult issues presented by this case, aside from the disposition of the debtor's motorcycle. A chapter 7 trustee could have liquidated the debtor's business tools and truck, and Applicant could have negotiated for the reaffirmation (under 11 U.S.C. § 524(c)) or revaluation of the obligation due to American Honda Finance Corp. The priority claims owing to the Internal Revenue Service, Florida Department of Revenue, and the Newtown, Connecticut Tax Collector could just as easily have been paid following a chapter 7 liquidation as through a chapter 13 plan, thereby relieving the debtor of liabilities which otherwise might have been non-dischargeable. Aside from payment of these potentially non-dischargeable obligations, the only cognizable benefit achieved by administering this case as a chapter 13 proceeding was the debtor's ability to value his motorcycle via his chapter 13 plan. Considering the absence of novel or difficult issues, the aggregate compensation ($5,129.83) sought by Applicant is excessive.

(3) *Skill Requisite to Perform Legal Service Properly:* Applicant has practiced law in excess of twenty years, specializing in the field of bankruptcy. He clearly possesses the knowledge and skills requisite to properly represent this debtor. However, with such knowledge and skill, he should have known that a chapter 7 filing would have been significantly more economical than a chapter 13 filing.

(4) *Preclusion of Other Employment Due to Acceptance of this Case:* The Court is unaware that Applicant was precluded from accepting other employment as a result of his acceptance of this case. Applicant appears frequently before this Court and regularly attends hearings in various of his cases on any given day before the undersigned judge.

(5) *Customary Fee:* The $5,129.83 fee sought by Applicant is well in excess of the fee customarily charged by attorneys to represent chapter 13 debtors in this District. Such fees generally range between $1,500 and $2,500, and pursuant to the "Chapter 13 Fee Guidelines," any attorney seeking to charge a fee in excess of $2,500 for representing a chapter 13 debtor must file a fee application.

(6) *Fixed or Contingent Fee:* Pursuant to the Amended Chapter 13 Disclosure of Compensation (CP.11), the $5,129.83 fee was "fixed" by way of agreement between Applicant and the debtor, subject only to the confirmation of the debtor's chapter 13 plan and to consideration by this Court.

(7) *Time Limitations Imposed by Client:* The Court is unaware of any such limitations.

(8) *Amount Involved and Result Obtained:* Unlike most chapter 13 cases filed in this District, this case did not involve a proposed curing or waiving of a default under a home mortgage, which typically results in preservation of thousands of dollars in home equity to the debtor's benefit. Rather, the only equity "preserved" by this debtor consists of his interest in his motorcycle, which was valued by the Court at $5,400 (as opposed to the $8,004.88 obligation owed to American Honda Finance Corp.). Although a positive result, this

does not justify the fee requested by Applicant.

**(9)** *Experience, Reputation and Ability of Attorney:* Applicant certainly possesses more experience than most attorneys regularly representing chapter 13 debtors in this Court, and Applicant is certainly capable of adequately representing a chapter 13 debtor. Given such experience, Applicant should have been able to more efficiently represent this chapter 13 debtor than he did *sub judice.*

**(10)** *Undesirability of Case:* Given the debtor's apparent ability to pay a reasonable fee, the Court is unaware of any information which would have rendered Applicant's representation of the debtor "undesirable."

**(11)** *Nature and Length of Professional Relationship:* This consideration is not a factor vis-a-vis the fee award in the instant case, since representation of chapter 13 debtors is customarily limited in nature to the case at issue.

**(12)** *Awards in Similar Cases:* As noted above, awards in chapter 13 cases in this District generally range between $1,500 and $2,500.

■ Based upon consideration of the foregoing factors, the Court finds that a reasonable amount of time expended in this case should have been no more than 12.5 hours and that a reasonable hourly rate should have been no more than $250. Multiplication of these two figures yields a lodestar of $3,125. As the results obtained by Applicant were unexceptional, the Court finds it unnecessary to adjust the lodestar. Thus, the total compensation allowed to Applicant is $3,125, and any additional compensation is hereby disallowed.

■ Applicant also seeks reimbursement of expenses in the aggregate amount of $75.00 Applicant's itemization of his expenses consists of the following:

| | |
|---|---|
| —Telefax transmissions: 8/4/98 and 12/10/98 | $12.00 |
| —Pro-rated travel: Fort Pierce to West Palm Beach, for various hearings | $15.40 |
| Total | $27.40 |

Applicant apparently seeks to assess the debtor a "flat charge" for expenses, when at best, Applicant is only entitled to request $27.40. Applicant cannot receive reimbursement for expenses in excess of those actually incurred. Accordingly, the Court allows reimbursement of expenses in the amount of $27.40. The Chapter 13 Trustee is authorized to disburse the balance of $1,792.57 due Applicant pursuant to the terms of the confirmed chapter 13 plan.